### F. M. Ferguson, Appellant, *v.* Samuel Moore et al.

*Road taxes—Collectible in money on failure to contract to work out.*

The right to work out a road tax as provided by the Act of April 15, 1834, P. L. 509, which is distinctly reserved by the Act of June 25, 1885, P. L. 187, exempts the taxes so worked out from collection; but upon a failure to make a contract for working out such taxes as is provided for in the 6th section of the Act of April 2, 1867, P. L. 668, the taxes, levied upon the citizens failing to make the contract, are payable in money and are collectible as other taxes of like character.

Argued May 11, 1897. Appeal, No. 179, April T., 1897, by plaintiff, from decree of C. P. Butler Co., March T., 1897, No. 3, dismissing plaintiff's bill and refusing injunction. Before Rice, P. J., Willard, Wickham, Beaver and Orlady, JJ. Affirmed.

Bill for injunction to restrain the tax collector from Clinton township from enforcing collection of the road tax. Before Greer, P. J.

The plaintiff's bill alleged the levy by the tax collectors to collect a road tax; the refusal by the collectors to permit him

354 ·            FERGUSON *v.* MOORE.

Statement of Facts—Opinion of the Court.    [5 Pa. Superior Ct.

to work out said road tax unless he signed a contract submitted by the commissioners; that section sixth, of the special act is inoperative and unconstitutional; that defendants unlawfully refused to give plaintiff an opportunity to work out his road tax unless he signed the written contract.

Bill and injunction refused. Plaintiff appealed.

*Errors assigned* among others were (4) refusal of plaintiff's third conclusion of law, which conclusion is as follows: "3. The act of 1869 not having repealed the general acts of 1834, 1885 and 1895 they stand pari materia to each other, and it is incumbent upon the road commissioners before placing the warrant in the hands of the township collectors to have given the plaintiff full opportunity to work out his road tax." (9) In holding that the said special act gives authority to distrain for work road tax, unless the taxpayer signs a written contract such as was presented to appellant. (10) In holding that giving the appellant an opportunity to sign the written contract was equivalent to giving an opportunity to work out his tax.

*Lev. McQuistion*, with him *J. C. Vanderlain*, for appellant.— The court erred in holding that the said special act repealed the act of April 15, 1834, in the case of Coal Company v. Kelly, 2 Kulp, 41, Rice, P. J., decided: Before a warrant can issue for the collection of road taxes the taxpayer must not only have had notice, but also full opportunity to work out such taxes, and unless full opportunity to work out his taxes is given he may appeal to a court of equity to restrain their collection in money.

*J. M. Galbreath* of *McJunkin & Galbreath* and *John M. Thompson*, with them *E. McJunkin*, for appellees.—The powers of the collectors of county taxes prior to the act of 1885 are set out in sections 20 and 21 of the act of April 15, 1834: Purd. Dig. 1991, par. 161. From these citations it will clearly appear that the collector was acting wholly within the scope of his authority in distraining upon the property.

OPINION BY BEAVER, J., July 23, 1897:

The plaintiff in the court below filed this bill in equity, seeking by perpetual injunction to restrain the defendants, who were

the road commissioners and tax collector of Clinton township, from selling two hogs or any other property of the plaintiff in payment of alleged work road tax or from interfering in any manner with any of the property of the plaintiff for that purpose. This injunction was asked for upon two distinct grounds, first, that no road tax was due from the plaintiff to the township, and secondly, that the warrant of distress, by virtue of which the plaintiff's property had been levied upon, was unlawfully issued. After answer filed, the court below heard the parties and their witnesses and, after full consideration of the case, refused an injunction and dismissed the plaintiff's bill. From that decree the present appeal is taken.

An act of assembly was passed the 2d of April, 1869, P. L. 668, revising the road laws in the township of Clinton, in the county of Butler. The principal question in controversy in this case turns upon the construction of the sixth section of that act. The court below found, as a matter of fact and also as a question of law, that the taxes claimed by the defendants as road commissioners and tax collector for the township of Clinton aforesaid were actually due and unpaid. The testimony, as developed in the hearing justified this finding. The act of 1869, supra, provides for the election of six road commissioners, the sixth section of the said act providing " that said commissioners, each two having charge of a district, are hereby authorized to give out the opening of new roads and the repairing and keeping in repair of all the old roads in their respective districts, giving preference to those persons living most convenient to said roads ; said contracts for continuous repair not to extend longer than for a period of six years ; and provided further, that if said commissioners and said taxpayers cannot agree upon a contract, then their tax is to be collected as levied and applied to the improvement of said roads as aforesaid." The eleventh section of the said act provides that " all laws inconsistent herewith are hereby repealed." The appellant admits that he refused to sign a contract prepared by the road commissioners and offered to him for signature. The main point in the case as narrowed by the appellant in his argument is the proper construction of the proviso in the sixth section of the act of 1869, supra, which provides " that if said commissioners and said taxpayers cannot agree upon a contract then their tax is to be col-

lected as levied and applied to the improvement of said roads as aforesaid." The plaintiff contends that under this provision he had a right to demand the privilege of working out his tax, as provided in the fourth section of the act of the 25th of June, 1885, but the wording of the act itself is inconsistent with such a claim. The taxes in the case of a failure to agree upon a contract are not only to be collected as levied but are to be applied to the improvement of said roads as aforesaid. The collection of taxes has a well known and clearly understood meaning. It is the gathering together by a collector of the money due from one or more persons for taxes assessed by competent authority. The right to work out road tax, as provided by the act of the 15th of April, 1834, which right is distinctly reserved by the act of the 25th of June, 1885, supra, exempts the taxes so worked out from collection. The legislature evidently intended that upon failure to make a contract such as is provided for in the sixth section of the act of 1869, supra, the taxes levied upon the citizen failing to make the contract were to be payable in money, collected as other taxes of like character are collectible ; and when so collected applied to the improvement of the roads. The fifth section of the act of the 25th of June, 1885, confers upon the collector of taxes " all the power for the collection of said taxes during his term of office heretofore vested in collectors of county taxes under existing laws." The powers of the collector of county taxes are defined by section twenty-one of the Act of the 15th of April, 1834, P. L. 509, the provisions of which were followed in the present case.

Upon a careful review of all the facts of the case and an examination of the special act of 1869, supra, and of the general acts relating to the collection of taxes herein referred to, we are of opinion that the court below was entirely correct in the disposition which was made of the case in refusing the injunction prayed for and dismissing the plaintiff's bill. Although numerous assignments of error are presented to us, they embrace practically but the two questions herein referred to. Our disposition of the case embraces them all. They are all overruled and the decree is, therefore, affirmed.